

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES of AMERICA, ex rel.  )
DeWAYNE GROVES,                    )
                                   )
         Petitioner,               )
                                   )
    v.                             )    No. 03 C 1534
                                   )    Paul E. Plunkett, Senior Judge
EDWIN R. BOWEN,                    )
                                   )
         Respondent.               )

## MEMORANDUM OPINION AND ORDER

Dewayne Groves ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 ("section 2254") to set aside his conviction. Pursuant to Rule 5 of Section 2254, Respondent, Edwin R. Bowen moves to dismiss Petitioner's petition as time barred. For the reasons set forth below, we conclude that the petition is time barred and Respondent's motion to dismiss is granted.

### Procedural Background

This case is before the Court on remand from the Seventh Circuit. *Groves v. Bowen*, No. 03-C1534 (May 25, 2004). In its order, the appellate court held that the district court, in previously denying petitioner's writ of habeas corpus, did not have enough information before it to determine

that Groves's petition was untimely under §2254, or, in the alternative, that it was procedurally defaulted.

After receiving briefs from the parties and further reviewing the facts and law, this Court has determined that the petition is time-barred under 28 U.S.C. §2244(d).

## Factual Background

On October 30, 1995, after a jury trial in Cook County, petitioner was convicted of attempted murder, aggravated battery, armed violence and aggravated battery of a child. He was sentenced to thirty years in prison. The Appellate Court of Illinois, First District, affirmed his conviction on February 4, 1998 ( Resp't. Mot. Dismiss, Ex. A.) The Illinois Supreme Court denied petitioner's request for leave to appeal on June 3, 1998 (*Id.,* Ex. B.)

On October 7, 1998, Groves filed a post conviction petition in Cook County Circuit Court. On January 4, 1998, Associate Judge Reginald Baker dismissed the petition, calling it "frivolous and without merit." (*Id.,* Ex. C.) The Illinois Appellate Court affirmed the dismissal, ruling that petitioner attempted to circumvent the operation of *res judicata* by "rephrasing issues in his petition in the context of ineffective assistance of counsel. Defendant's post-conviction petition did not adequately raise issues of ineffective assistance of trial and appellate counsel but reiterated issues raised on direct appeal." (*Id.,* Ex D. p. 7) (MUST TALK TO JUDGE ABOUT PRECEDING SENTENCE ) Petitioner did not seek leave to appeal to the Illinois Supreme Court.

Instead, on April 30, 2002, Groves filed a petition for a writ of habeas corpus in state court. (*Id.,* Ex. E). The petition was dismissed. On August 14, 2002, Groves filed a petition for a writ of habeas corpus before the Illinois Supreme Court, which was also denied in an order dated November

26, 2002. (*Id.*, Ex. F).

The federal habeas petition now pending before this Court was filed on February 11, 2003. This Court, in an order issued on March 27, 2003, dismissed the petition as time-barred, or, in the alternative, as procedurally defaulted. As stated above, the Seventh Circuit remanded, directing this court to obtain additional information on the issue of timeliness of the filing of the federal habeas petition.

## Discussion

Pursuant to the order of the Seventh Circuit, the state filed a brief and enclosed: copies of the Illinois Appellate Court opinions affirming his conviction; Groves's post conviction petition and the appeal brief in that petition; Groves's state and federal petitions for habeas relief. After reviewing the record and Petitioner's response to Respondent's brief, the Court concludes that the federal habeas petition is, in fact, time-barred.

Section 2244(d), imposes a one-year statute of limitation for the filing of a habeas petition pursuant to the judgment of a state court. The statue provides the following language:

(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United states if removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. sec. 2244(d).

The statute of limitations is tolled during the pendency of a properly filed post-conviction proceeding. *Artuz v. Bennet*, 531 U.S. 4 (2000). Here, Respondent agrees that Groves's post-conviction petition conviction was properly filed, so, the statute was, in fact, tolled during Petitioner's post conviction proceedings. However, Petitioner still did not meet the statutory deadline for filing his federal petition. A review of the relevant dates of the state remedies he pursued, plus credit given under the tolling provision of the statute, shows the following:

Petitioner's conviction became final on June 2, 1998, when the Illinois Supreme Court denied his request for review. Because Petitioner had ninety days in which to file a writ of certiorari in the United State Supreme Court, pursuant to Supreme Court Rule 13, his conviction became final on September 1, 1998. The statute of limitation began to run on this date.

But thirty-six days later, on October 7, 1998, the statute of limitations was again tolled when petitioner filed for post conviction relief. With the Illinois Appellate Court's denial of the post conviction petition on February 20, 2001, Petitioner had twenty-one days in which to file a petition for leave to appeal to the Illinois Supreme Court, pursuant to Illinois Supreme Court rule 315. Petitioner did not exercise this option. Therefore, his post conviction proceedings became finalized twenty-one days after the Illinois Appellate Court ruling, or, on March 12, 2001. "[T]olling does not occur during period in which a petition for certiorari could have been filed, but was not . . . ."

*Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000).

From the conclusion of Petitioner's post conviction proceedings on March 12, 2001, until the filing of his federal habeas petition on February 11, 2003, nearly two years elapsed. The Petitioner has failed to meet the one-year statute of limitations for filing habeas petitions as is mandated under §2244(d)(1).

In addition, petitioner cannot assert a claim under any other provisions of §2244(d) to render his petition timely. Petitioner has presented no evidence suggesting that there was an impediment to filing an application created by State action in violation of the Constitution or laws of the United States pursuant to 28 U.S.C. 2244(d)(1)(B). Nor has petitioner presented evidence indicating that there exists a new Constitutional right recently enacted and applying retroactively under §2244(d)(1)(C).

Finally, Petitioner's basis for federal habeas relief—that the state unlawfully broadened his indictment—was not a theory he was prevented, through due diligence, from recognizing prior to the filing of this federal petition. Indeed, Petitioner clearly had factual knowledge of the accountability theory under which he was tried and convicted because he raised issues—albeit in a slightly different way—in his direct appeal and his post conviction petition. He chose not to appeal those issues to the Illinois Supreme Court.

The last issue to be decided is whether petitioner's filing of a state habeas writ in both the trial court and the Illinois Supreme Court tolled the statute of limitations. In this case, it did not. Petitioner waited more than one year to file his habeas petition in state court—from March 12, 2001 until April 30, 2002. "A state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period because there is no

period remaining to be tolled. *Brown v. McKee*, 232 F. Supp. 2d 761, 766 (ED Mich. 2002) (citing *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002)).

Because nearly two years lapsed between the conclusion of petitioner's post conviction proceeding in state court and the filing of his federal habeas petition, the petition is dismissed as untimely.

## Conclusion

For all of the reasons stated above, Groves's section 2254 petition is time-barred and accordingly, Respondent's motion to dismiss is granted. This case is dismissed with prejudice.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT

DATED: AUG 2 4 2005